UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ALBERTUS CONNER, JR. | CIVIL ACTION NO. 08-cv-1405 |
| VERSUS | JUDGE STAGG |
| POLICE DEPT. OF SHREVEPORT, ET AL | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

Albertus Conner, Jr. filed this civil action, without representation by an attorney, against Shreveport Mayor Glover, former City CAO Tom Dark, Police Officer Babers, and Central Storage. Mr. Conner's original complaint makes a reference to his truck being seized in connection with criminal charges. The pleading also alleges that Mr. Dark has been waiting for an assistant chief to review some film. The original complaint does not, however, allege particular facts against any named defendant that would state a claim under federal law.

The court granted Mr. Conner an opportunity to file an amended complaint and attempt to set forth facts that he believes support a legal claim against the defendants. Mr. Conner was warned that if the amended complaint did not state a legal claim against any defendant, the case would be subject to dismissal without further notice. The court has now reviewed the amended complaint and does not find facts that plead an actionable claim under 42 U.S.C. § 1983 against any defendant, so it is recommended that this civil action be dismissed.

The amended complaint is a bit difficult to understand, but it appears to allege that an Officer Babers was involved in an arrest of Plaintiff and the impound of a truck. Plaintiff alleges that Babers told him he would see the truck at auction and buy it. (There is no allegation that Babers actually did so.) There are allegations that the truck was kept by Central Storage. Plaintiff alleges some sort of conspiratorial auto theft ring involving the police and the storage facility, and he complains that proper notice of the auction was not sent to a lienholder. Mr. Conner generally alleges that Mayor Glover, former CAO Tom Dark, and Officer Babers are guilty of malfeasance in office. Plaintiff asks for damages associated with the loss of his truck, which he says he used to haul scrap and earn an income.

The court has the authority to screen complaints that are filed in forma pauperis. It also has the authority to dismiss any complaint for failure to state a claim so long as the procedure employed is fair. Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998). This procedure is fair, because this Report and Recommendation provides Plaintiff with sufficient notice of and opportunity to respond to the possible dismissal of his case. See Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998) (sua sponte invocation of defense in Report and Recommendation satisfied due process).

In assessing whether a complaint states a cause of action, the court must accept as true all well pleaded facts in the complaint and view those facts in a light most favorable to the plaintiff. In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007). The

complaint does not need detailed factual allegations, but it must provide enough facts to raise a right to relief above the speculative level and present a claim that is at least plausible on its face. Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007), citing Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007). Furthermore, "conclusory allegations or legal conclusions masquerading as factual conclusions" do not plead facts sufficient to state a claim on which relief may be granted. Fernandez-Montes v. Allied Pilots Association, 987 F.2d 278, 284 (5th Cir. 1993).

Plaintiff's complaint, as amended, does not allege adequate facts to present a plausible claim against any defendant. There are legal conclusions, such as assertions of a criminal conspiracy, malfeasance by public officials, and the like, but Mr. Conner does not set forth any simple, straightforward *facts* that would plausibly support those conclusions. Mr. Conner is obviously unhappy with a seizure and auction of his truck, but more than unhappiness must be alleged before the complaint states a constitutional violation that is actionable under Section 1983. Absent the statement of even an arguably plausible claim, there is no need to hale into court the several defendants and require the taxpayers to bear the burden and expense of defending them from the complaint.

Accordingly;

**IT IS RECOMMENDED** that the complaint be dismissed with prejudice for failure to state a claim upon which relief may granted.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 17th day of March, 2009.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE